15 - 157 BPG *thru* 15 - 162 BPG

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Christine D. Carlson, a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

1.      I have been a Special Agent (SA) with HSI since June 1996. As part of my official duties as an HSI agent, your Affiant investigates criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of Title 18, U.S.C. §§ 2251 and 2251A. I have gained experience through training in seminars, classes, and daily work related to conducting these types of investigations. Specifically, I have received formal training through U.S. Customs, HSI, and other agencies in the area of child pornography, pedophile behavior, collectors of other obscene material, and internet crime. I have participated in the execution of numerous search warrants, of which the majority have involved child exploitation and/or child pornography offenses. Many of the child exploitation and/or child pornography search warrants resulted in the seizure of computers, cell phones, magnetic storage media for computers, other electronic media, and other items evidencing violations of federal laws, including various sections of Title 18, United States Code § 2252A involving child exploitation offenses. I have also participated in the execution of numerous search warrants for online accounts, such as email accounts, online storage accounts and other online communication accounts related to child exploitation and/or child pornography. In the course of my employment with the HSI, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media and within online accounts.

FILED ___ ENTERED
___ LODGED ___ RECEIVED
FEB 1 2 2015
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

2.     As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.     This affidavit is made in support of an application for warrants to search the following locations (hereinafter referred to as the "TARGET LOCATIONS"):

Instagram Account:

a.     The following Instagram account and records that are stored at premises owned, maintained, controlled, or operated by: Instagram, a social networking company, headquartered at 1601 Willow Road, Menlo Park, CA 94025;

1.     The Instagram account associated with the email address blinktwin107@yahoo.com and Vanity Name: nick0ftime;

Dropbox Account:

b.     The following Dropbox account and records that are stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a business with offices located at 185 Berry Street, Suite 400, San Francisco, CA 94107:

2.     The Dropbox account associated with the email address blinktwin107@yahoo.com and User ID: 110132352; and

Google Accounts:

c.     The following Google accounts and records that are stored at premises owned, maintained, controlled, or operated by: Google, Inc., a business with offices located at 1600 Amphitheatre Parkway, Mountain View, CA 94043:

3.     The Google account associated with the email address blinktwin107@gmail.com;

4.     The Google account associated with the email address darenroberts1@gmail.com;

5.     The Google account associated with the email address peteryuklov1@gmail.com;

Yahoo! Account:

d.      The following Yahoo! Account and records that are stored at premises owned, maintained, controlled, or operated by: Yahoo! Inc., a business with offices located at 701 First Avenue, Sunnyvale, California 94089:

6.      The Yahoo! account associated with the email address blinktwin107@yahoo.com;

Facebook Account:

e.      The following Facebook account and records that are stored at premises owned, maintained, controlled, or operated by: Facebook, a social networking company, headquartered at 1601 Willow Road, Menlo Park, CA 94025;

7.      The Facebook account associated with the email address blinktwin107@yahoo.com and Name: Nick Johnson;

Twitter Account:

f.      The following Twitter account and records that are stored at premises owned, maintained, controlled, or operated by Twitter, a social networking company, headquartered at 795 Folsom Street, Suite 600, San Francisco, CA 94107;

8.      The Twitter account associated with the email address blinktwin107@gmail.com and the Webscreen Name: NickOfTime;

for evidence of violations of Title 18, United States Code, Sections 2251(a) (production of child pornography), Title 18, United States Code, Section 2252A(a)(2)(distribution and receipt of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

4.      The statements in this affidavit are based in part on information provided by investigators of the Baltimore County Police Department and Special Agents of HSI, as well as documents and reports prepared by investigators of the Baltimore County Police Department, and on my experience and background as a Special Agent of HSI.  Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I

believe are necessary to establish probable cause to believe that evidence, fruits, and

instrumentalities of the violations of Title 18, United States Code, Sections 2251(a) (production

of child pornography), Title 18, United States Code, Section 2252A(a)(2)(distribution and receipt

of child pornography), and Title 18, United States Code, Section 2252A(a)(5)(B)(possession of

child pornography), are located within the TARGET LOCATIONS.

### SUMMARY CONCERNING CHILD PORNOGRAPHY, PERSONS WHO POSSESS AND COLLECT CHILD PORNOGRAPHY AND HOW USE OF COMPUTERS AND THE INTERNET RELATES TO THE POSSESSION, RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY

5.      Based on my investigative experience related to child pornography investigations,

and the training and experience of other law enforcement officers with whom I have had

discussions, I have learned that individuals who utilize the internet to view and receive  images

of child pornography are often individuals who have a sexual interest in children and in images

of children, and that there are certain characteristics common to such individuals, including the

following:

        a.      Individuals who have a sexual interest in children or images of children
may receive sexual gratification, stimulation, and satisfaction from contact with children, or from
fantasies they may have viewing children engaged in sexual activity or in sexually suggestive
poses, such as in person, in photographs, or other visual media, or from literature describing such
activity.

        b.      Individuals who have a sexual interest in children or images of children
may collect sexually explicit or suggestive materials, in a variety of media, including
photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other
visual media. Individuals who have a sexual interest in children or images of children oftentimes
use these materials for their own sexual arousal and gratification. Further, they may use these
materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected
child partner, or to demonstrate the desired sexual acts.

        c.      Individuals who have a sexual interest in children or images of children
frequently maintain their "hard copies" of child pornographic material, that is, their pictures,
films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape
recordings, etc., in the privacy and security of their home or some other secure location.
Individuals who have a sexual interest in children or images of children typically retain pictures,

films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

        d.      Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, or in online storage, email accounts or other online communication accounts, to enable the individual to view the collection, which is valued highly.

        e.      Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/collectors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography. This data is typically in digital format, and often maintained on computers and in online storage, email accounts or other online communication accounts.

        f.      Individuals who would have knowledge on how to distribute and receive digital images of child pornography through the use of Peer to Peer networks and other online methods would have gained knowledge of its location through online communication with others of similar interest. Other forums, such as bulletin boards, newsgroups, IRC chat or chat rooms have forums dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography images.

        g.      Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been consistently documented by law enforcement officers involved in the investigation of child pornography.

        6.      Based on my investigative experience related to computer and internet related

child pornography investigations, and the training and experience of other law enforcement

officers with whom I have had discussions, I have learned the following:

        a.      Computers and computer technology have revolutionized the way in which child pornography is produced, distributed, and utilized. It has also revolutionized the way in which child pornography collectors interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill in order to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the

public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

b.    The development of computers and the internet have added to the methods used by child pornography collectors to interact with and sexually exploit children. Computers and the internet serve four functions in connection with child pornography. These are production, communication, distribution, and storage.

c.    Child pornographers can now transfer photographs from a camera onto a computer-readable format. With the advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.

d.    Child pornography can be transferred via electronic mail or through file transfer protocols (FTP) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), easy access to the Internet, and online file sharing and storage, the computer is a preferred method of distribution and receipt of child pornographic materials.

e.    The Internet and its World Wide Web afford collectors of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography use online resources to retrieve and store child pornography, including services offered by Internet Portals such as AOL Inc., Yahoo! and Google, Inc., Facebook, Dropbox, Instagram, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services, file exchange services, messaging services, as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Email accounts, online storage accounts, and other online communication accounts allow users to save significant amounts of data, including email, images, videos, and other files. The data is maintained on the servers of the providers, and is occasionally retained by the providers after the user deletes the data from their account.

f.    In my recent investigative experience, as well as recent discussions with law enforcement officers, I know that individuals who collect child pornography are using email accounts, online storage accounts, and other online communications accounts to obtain, store, maintain, and trade child pornography with growing frequency, in addition to, or as an alternative to, the use of personal devices.

7.    Based on traits shared by collectors, the use of email, online storage accounts, and

other online communication accounts, and the increased storage capacity of computers and

server space over time, there exists a fair probability that evidence regarding the distribution,

receipt and possession of child pornography will be found in the TARGET LOCATIONS
notwithstanding the passage of time.

## INSTAGRAM

8.      Instagram is an online mobile photo-sharing, video-sharing and social networking
service that is available for free.  Users create accounts, which allows users to share photos,
videos and messages, and control who is able to view their photos, videos and comments.

## DROPBOX

9.      Dropbox is a file hosting service that offers "cloud" storage and file
synchronization.  Dropbox offers free and paid services that allow users to add photos,
documents, videos and files to their account.  Dropbox automatically saves these files to all of
the user's computers, phones and to the Dropbox server, so they may be accessed from
anywhere.  Dropbox offers a free plan that allows users to have 2GB of space to store their files.
Dropbox also offers plans that cost $9.99 a month and allow users additional space on the
Dropbox servers.

10.      According to Dropbox's privacy policy, at https://www.dropbox.com/privacy,
Dropbox collects and stores the files users upload and delete and also collects logs:  "When you
use the Service, we automatically record information from your Device, its software, and your
activity using the Services.  This may include the Device's Internet Protocol ("IP") address,
browser type, the web page visited before you came to our website, information you search for
on our website, locale preferences, identification numbers associated with your Devices, your
mobile carrier, date and time stamps associated with transactions, system configuration
information, metadata concerning your Files, and other interactions with the Service."  Dropbox

records when the user uploads and deletes a file but Dropbox does not record when the user downloads a file.

11.     In order to create a Dropbox account, a user is required to register with an email address. Once registered, each user is assigned a unique user ID. Dropbox communicates with users via stored email accounts on file when users access and make changes to their accounts unless the user opts-out of those emails. To sign into the user's Dropbox account, the user enters their email and password. Once a user has a Dropbox account, they can invite other Dropbox users to access their shared folders. A shared folder is one in which more than one user has access to, and can add, download or delete content. If a user joins another user's shared folder, the shared folder size counts towards the first user's space limitation. If a user is invited to join another user's folder, the invitation request is sent to the registered email account.

## GOOGLE SERVICES

12.     Google provides numerous free services to the users with a Google profile. Some of services include, Gmail, Google Talk, Google Wallet, Google+, Google Drive, Picasa Web Albums, and YouTube. Gmail is a web based email service. Google Talk is an instant messaging service that provides both text and voice communication. Google Talk conversation logs are saved to a "Chats" area in the user's Gmail account. Google Wallet is a mobile payment system that allows its users to store debit cards, credit cards, loyalty cards and gift cards, among other things, on their mobile phones. Google+ is a social networking service. Google Drive is a file storage and synchronization service which provides users with cloud storage, file sharing, and collaborative editing. Picasa Web Albums is an image hosting and sharing web service that allows users with a Google account to store and share images for free. YouTube is a free video sharing website that allows users upload, view and share videos.

8

## YAHOO!

13.     Yahoo! provides numerous free services to the users with a Yahoo account. Some of the services include Mail, Flickr, and Messenger. Yahoo Mail is a web based email service. Flickr is an image and video hosting website that offers private and public image storage. A user uploading an image can set privacy controls that determine who can view the image. Yahoo Messenger is an instant messaging service that provides text and voice communication. Users can also share files and images through the Messenger service.

## FACEBOOK

14.     Facebook is a free social networking website that provides a host of services to its users. Facebook uses the term "Neoprint" to describe an expanded view of a given user profile. Facebook users can post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet. A particular user's profile page includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links.

15.     Facebook has a Photos application, where users can upload images and videos. Another feature of the Photos application is the ability to "tag" (i.e., label) other Facebook users in a photo or video. For Facebook's purposes, a user's "Photoprint" includes all photos uploaded by that user that have not been deleted, as well as all photos uploaded by any user that have that user tagged in them.

16.     Facebook users can exchange private messages with one another. These messages, which are similar to email messages, are sent to the recipient's "Inbox" on Facebook, which also stores copies of messages sent by the recipient, as well as other information.

9

Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.

17.     Facebook Notes is a blogging feature available to Facebook users, and it enables users to write and post notes or personal web logs ("blogs"), or to import their blogs from other services, such as Xanga, LiveJournal, and Blogger. The Facebook Gifts feature allows users to send virtual "gifts" to their friends that appear as icons on the recipient's profile page. Gifts cost money to purchase, and a personalized message can be attached to each gift. Facebook also has a Marketplace feature, which allows users to post free classified ads, including items for sale, housing, jobs, and the like.

## TWITTER

18.     Twitter is an online social media service that enables users to send and read short messages, no more than 140 characters, called "tweets". Registered users can read and post tweets but unregistered users can only read tweets. Users can access Twitter through the website, a mobile device app or through short message service (SMS). SMS is the text messaging service of a phone, web, or other mobile communication system. SMS allows for the exchange of short text messages.

## PROBABLE CAUSE

### A. Background

19.     On September 14, 2014, Baltimore County Police Detective Rees used a BitTorrent application to conduct undercover investigations into the sharing of child pornography using the internet. During this investigation a computer sharing child pornography was located on the BitTorrent file sharing network. Detective Rees successfully downloaded files from a sharing client on the network which had the IP address 108.40.24.228. Detective

Rees not only captured the IP address that was sharing child pornography, but he also captured the date and time of the transfers. Detective Rees was able to download approximately 153 images all depicting the same prepubescent female from a computer using the IP address 108.40.24.228. The series of images depict the prepubescent female in various stages of undress until the child is completely nude and the focal point of the images becomes the prepubescent female's genitalia. The following is a description of two of the images downloaded by Detective Rees:

      a.     000-126 – this image depicts a nude prepubescent female kneeling on her left knee with her right knee raised exposing her genitalia to the camera.

      b.     000-136 – this image depicts a nude prepubescent female who is lying on her back, propped up on her left elbow, and her legs spread. The prepubescent female's genitalia is exposed to the camera and the focal point of the image.

Your Affiant has reviewed these images and determined that they meet the definition of child pornography as defined in Title 18, United States Code, Section 2256(a).

    20.    On September 17, 2014, Detective Rees sent a subpoena to Verizon requesting information, including subscriber name and address, for IP 108.40.24.228 for the time period of September 14, 2014 at 0001hrs through September 16, 2014 at 0700hrs. On September 18, 2014, Verizon responded to the subpoena indicating the subscriber of IP 108.40.24.228 for the time period of September 14, 2014 at 0001hrs through September 16, 2014 at 0700hrs was Ann Johnson, 8319 Thornton, Towson, Maryland 21204, account creation date: 4/2/2008. In fact, Verizon records revealed that IP 108.40.24.228 had been assigned to Ms. Johnson since June 27, 2012 and was still assigned as of the date of the subpoena.

    21.    On October 4, 2014, members of the Baltimore County Police Department, Crimes Against Children Unit executed a state search and seizure warrant at the residence

located at 8319 Thornton Road, Towson, Maryland. At the time the warrant was executed, the following occupants were home: Ann Johnson, Helen Gunter and Nicholas Johnson. Detective Rees read the warrant aloud to all the occupants of the residence and advised all of them of their rights per *Miranda.* Detective Rees learned that the residence had a secured wireless network and that Ann Johnson and Nicolas Johnson both had computers at the residence. Nicolas Johnson admitted to using file sharing software.

22.      Nicholas Johnson waived his rights and agreed to be interviewed. JOHNSON was interviewed in private by Detectives Rees and Childs and the interview was audio recorded. Prior to the interview beginning, JOHNSON was reminded of his rights per *Miranda.* During the interview, JOHNSON admitted to searching for child pornography on his computer and using the file sharing program Vuze. JOHNSON admitted using search terms such as teen, pre-teen and young. JOHNSON defined a teen as someone between 13 and 19 years old and a pre-teen as someone under 13 years old. JOHNSON admitted to masturbating to child pornography and stated he is sexually attracted to girls 12-15 years old. Detectives confronted JOHNSON with information found on his (JOHNSON's) iPhone regarding him (JOHNSON) posing as a 15 year old boy on various social media apps. JOHNSON, a 22 year old, admitted to creating the profile "Peter Yuklov 15 male single Towson MD" on the app called Meet Me. JOHNSON stated he poses as a 15 year old boy in an effort to befriend young girls and talk to them. JOHNSON stated that he has never met any of the girls in person but JOHNSON stated that he does ask the young girls for nude pictures of themselves, to which he has received and has saved on his phone. In the chat messages between JOHNSON and some of the young girls, JOHNSON was talking to them about being virgins and him performing sexual acts on them/with them. JOHNSON also admitted to using the email account **darenroberts1@gmail.com** to open up a

Facebook account posing as a 16 year old male. JOHNSON admitted to opening this account to look at and sometimes download pictures of younger girls that he befriends on the site.

23.     During an on-scene forensic triage of JOHNSON's computer and external hard drive, Detective Raut located numerous images of child pornography and child erotica saved and categorized on JOHNSON's external hard drive. Detective Raut also located the two images that Detective Rees downloaded from JOHNSON on September 14, 2014 that precipitated the investigation.

24.     On October 16, 2014, Detective Rees sent a preservation letter to MeetMe.com for JOHNSON's online persona of "Peter Yuklov 15 male single Towson MD" with the email/user ID: **peteryuklov1@gmail.com/76131893.**

25.     On or about October 16, 2014, Detective Rees reviewed the Kik[1] messages on JOHNSON's cell phone and found that he communicated with an individual using the user name "lelebug" who stated she lived in the zip code 21227, Halethorpe, Maryland. In the messages, JOHNSON asked the user of "lelebug" for pictures of herself, including topless pictures and pictures of her vagina. Detective Rees found several pictures that the user "lelebug" sent to JOHNSON, including a picture of her exposed breasts. There were also many messages between the user of "lelebug" and JOHNSON about sexual acts by both parties. Detective Rees was able to positively identify the user of "lelebug" as being a freshman at a local high school. Detective Rees interviewed the freshman. The freshman admitted to using the user name "lelebug" on Kik and meeting an individual using the user name "Peter Yuklov" on Meetme.com. The freshman stated "Peter Yuklov" initiated contact on Meetme.com. The freshman also stated that at the request of the individual using the user name "Peter Yuklov", she sent pictures of herself to him,

---

[1] Kik Messenger is a free smartphone application that allows users to have text-based conversations with one another. Kik users can also use Kik Messenger to share photos, videos and other forms of content.

including one of her exposed breasts.  The freshman denied ever meeting anyone that she chatted with online.

26.     Detective Rees located several other messages in the Meetme.com app on JOHNSON's phone where it appears that JOHNSON was chatting with and soliciting young girls for sexual explicit pictures of themselves.

27.     On October 4, 2014, JOHNSON was arrested by Baltimore County Police Department and charged with, among other things, possession and distribution of child pornography and sexual solicitation of a minor.  On September 18, 2014, the state charges against JOHNSON were dismissed in Baltimore County Circuit Court.  On December 17, 2014, JOHNSON pleaded guilty in U.S. District Court in Baltimore, Maryland to a one count criminal information charging him with  Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) & (b)(2), under case # WDQ-14-0434.

**B.  Investigation of Email and Social Networking Accounts Relating to Nicholas JOHNSON**

**Instagram and Related Accounts:**

28.     An administrative subpoena was served on Instagram requesting subscriber information and IP logs relating to the email account blinktwin107@yahoo.com provided by Instagram for the account nick0ftime.  Instagram provided the following information relating to the account:

| | |
|---|---|
| Name: | Nick Johnson |
| Registered Email Address: | blinktwin107@yahoo.com |
| Vanity Name: | nick0ftime |
| Registration Date: | 08/26/2012-22:59:32 UTC |
| Account Still Active: | true |

29.     Instagram also provided several login IP addresses associated with the account between August 5, 2013 and January 16, 2014.

14

a.     One of the IP addresses provided was **108.40.24.228** (JOHNSON's residence) for two logins on September 1, 2013; and

b.     Another IP address provided was **50.79.10.113** (GIPE Associates – JOHNSON's employer) for various dates and times between August 5, 2013 and March 8, 2014.

30.     An administrative subpoena was served on Yahoo requesting subscriber

information and IP logs relating to the registered email account **blinktwin107@yahoo.com**

provided by Instagram for the account nick0ftime.  Yahoo provided the following information

relating to the account:

| | |
|---|---|
| Full Name: | Mr Nick Johnson |
| City: | Towson |
| State: | MD |
| Zip Code: | 21204 |
| Alternate Communication Channels: | 1 4436328159 |
| Account Created: | 8/23/2007 21:00:23 GMT |
| Account Status: | Active |

31.     Yahoo also provided several login IP addresses associated with the email account

blinktwin107@yahoo.com between December 3, 2013 and July 12, 2014.  One of the IP

addresses provided was 50.79.10.113 (GIPE Associates – JOHNSON's employer) for various

dates and times between December 3, 2013 and June 4, 2014.

**Dropbox and Related Accounts**:

32.     An administrative subpoena was served on Dropbox requesting any account

information and IP logs relating to any accounts associated with the following email account,

which has been linked to Nicholas JOHNSON:

blinktwin107@yahoo.com

a.     Dropbox provided the following subscriber information relating to a

Dropbox account associated with the email address **blinktwin107@yahoo.com**:

| | |
|---|---|
| Name: | Nick Johnson |
| Email: | blinktwin107@yahoo.com |
| User: | 110132352 |

| | |
|---|---|
| Joined: | 10/02/2012 at 19:06:53 GMT |
| Subscription Status: | Unpaid |
| History IP & Timestamp: | 50.79.10.113 (GIPE Associates – JOHNSON's employer) on 10/08/2014 at 15:56:47 GMT |

Dropbox also provided an activity log for the account that indicated that numerous files were added and deleted from the account on October 8, 2014, four days after the state search warrant was executed on JOHNSON's residence.

**Facebook & Related Accounts**:

33.    An administrative subpoena was served on Facebook requesting subscriber information and IP logs relating to the account associated with Nick JOHNSON and/or the email address blinktwin107@yahoo.com.  Facebook provided the following information relating to the account:

| | |
|---|---|
| Name: | Nick Johnson |
| Registered Email Addresses: | blinktwin107@yahoo.com & nickj@vt.edu |
| Registration Date: | 07/25/2009 23:29:18 UTC |
| Account Active: | True |
| Last Login IP Address: | 50.79.10.113 (GIPE Associates – JOHNSON's employer) on 09/03/2014 at 17:13:18 UTC |

**Google and Related Accounts:**

34.    An administrative subpoena was served on Google requesting subscriber information and IP logs relating to the email account **blinktwin107@gmail.com** that was identified as an account on JOHNSON's cellular phone as well as associated with JOHNSON's Twitter account "nick0ftime".  Google provided the following information relating to the account:

| | |
|---|---|
| Name: | Nick Johnson |
| Secondary Email: | **blinktwin107@gmail.com** |
| Created On: | 02/06/2008-22:51:40 UTC |
| SMS: | 4436328159 |
| Recovery E-mail: | blinktwin107@yahoo.com |

Google also provided login/logout IP information associated with the account

blinktwin107@gmail.com on various dates between April 16, 2014 and September 17, 2014.

Only one IP address was used to login/logout of this account during this time period:

50.79.10.113 (GIPE Associates – JOHNSON's employer).

35.    An administrative subpoena was served on Google requesting subscriber

information and IP logs relating to the email account **peteryuklov1@gmail.com** provided by

Meetme.com that is associated with the account for Peter Yuklov.  Google provided the

following subscriber information relating to the account:

| | |
|---|---|
| Name: | Peter Yuklov |
| Email Address: | peteryuklov1@gmail.com |
| Created On: | 07/06/2013-19:11:20 UTC |
| IP Address: | 108.40.24.228 (JOHNSON's residence) on 07/06/2013-19:11:20 UTC |
| SMS: | 4436328159 |

Additional user IP log data was unavailable for this account.

36.    An administrative subpoena was served on Google requesting subscriber

information and IP logs relating to the email account **darenroberts1@gmail.com**.  Google

provided the following subscriber information relating to the account:

| | |
|---|---|
| Name: | Daren Roberts |
| Email: | darenroberts1@gmail.com |
| Created on: | 04/17/2013-17:52:59 UTC |

There was no user IP log data available for this account.

### Twitter and Related Accounts:

37.    An administrative subpoena was served on Twitter requesting subscriber

information and IP logs relating to the account associated with "Nick0fTime".  Twitter provided

the following information relating to the account:

| | |
|---|---|
| Email: | blinktwin107@gmail.com |
| Webscreen_name: | Nick0fTime |

Creation IP:        71.62.125.159
Created At:         01/30/2012-05:23:44 UTC

The only IP address associated with this account was 74.113.232.159 for various dates between August 1, 2014 and September 21, 2014.

## SUMMARY

38.      Based on my training and experience, I know that child pornography can be uploaded and downloaded through the Internet and that a common mechanism to obtain child pornography is through sharing the files via email, online storage, and other online communications such as social media websites. I respectfully submit there is probable cause that all of the accounts listed (the TARGET LOCATIONS) contain evidence (1) of distribution, receipt, and possession of child pornography, and (2) relevant to determine the ownership and control of the accounts that are linked to the distribution , receipt, and possession of child pornography.

39.      Although Johnson has pled guilty to possessing child pornography that was contained on his computer and external hard drive, this affidavit seeks authorization to search Johnson's online accounts for evidence of additional criminal conduct, including the possession, receipt and distribution of child pornography, as well as additional communications that Johnson had with other minors.  Moreover, based on my experience, online accounts of those who possess and distribute child pornography often contain evidence of similar conduct on the part of other individuals.  Specifically, I believe that probable cause exists to search the aforementioned online accounts for evidence of the crimes listed in paragraph 3 above, having been committed by others, who Johnson received child pornography from and distributed child pornography to.

15 - 1 5 7 BPG thru 15 - 1 6 2 BPG

## CONCLUSION

40.    Based on the foregoing, I respectfully submit that there is probable cause to believe that the aforementioned federal statutes have been violated and that there is probable cause to believe that evidence of these crimes can be found in the TARGET LOCATIONS.

41.    WHEREFORE, I respectfully requests that the Court issue a search warrant to search the items listed in Attachment A1, A2, A3, A4, A5, and A6 of this affidavit, to seize any items located pursuant to the search as described in Attachment B1, B2, B3, B4, B5, and B6.


Special Agent Christine D. Carlson
Homeland Security Investigations


Sworn and subscribed before me
this _28th_ day of January, 2015


HONORABLE BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A1 – Instagram**

This warrant applies to information associated with the following Instagram account:

- The Instagram account associated with the email address blinktwin107@yahoo.com and Vanity Name: nick0ftime

that is stored at premises owned, maintained, controlled, or operated by Instagram, a social

networking company, headquartered at 1601 Willow Road, Menlo Park, CA 94025.

1

## ATTACHMENT B1 – Instagram

**I.     Files and Accounts to be produced by Instagram for the time period August 26, 2012 to the present.**

To the extent that the information described in Attachment A1 is within the possession, custody, or control of Instagram including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Instagram or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), Instagram is required to disclose the following information to the government for each account or identifier listed in Attachment A1:

a.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, email addresses, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

b.     All information automatically recorded by Instagram from a user's Device, including its software and all activity using the Services, to include, but not limited to:  a utilizing device's IP address, browser type, web page visited immediately prior to connecting to the Instagram website, all information searched for on the Instagram website, locale preferences, identification numbers associated with connecting devices, information regarding a user's mobile carrier, and configuration information;

c.     The types of services utilized by the user;

d.     All files and records or other information stored by an individual using the account, including all images, videos, documents, communications and other files uploaded, downloaded or accessed using the Instagram service, including all available metadata concerning these files;

e.     All records pertaining to communications between Instagram and any person regarding the account, including contacts with support services and records of actions taken;

f.     All data and information associated with the personal page and/or profile page, including photographs, videos, audio files, lists of personal interests and preferences, including hashtags;

g.     A complete list of all users who are followed by the accounts listed in Attachment A1, and a list of all users who are following the accounts listed in Attachment A1, including every user name, user identification number, corresponding email address, physical address, and date the user joined Instagram;

h.      All photos, videos, messages and other files to which the accounts in Attachment A1 have been added, tagged, or associated, including any hashtags or captions associated with each photo, a list of all user who "liked" each photo, a list of each user who commented on each photo, and the substance of each comment regarding each photo;

i.      All photos, videos, messages and other files posted, screen shot, or stored by the accounts listed in Attachment A1, including any hashtags or captions associated with each photo, a list of all users who "liked" each photo, the usernames of any other user added to or tagged in each photo, a list of each user who commented on each photo, and the substance of any comment regarding each photo;

## II.      Information to be seized by Law Enforcement Personnel:

Any and all records that relate in any way to the Instagram accounts described in Attachment A1 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

a.      Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

b.      Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

c.      Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

d.      Images depicting the interior or exterior of residences, public establishments, and vehicles;

e.      All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

f.      Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

g.      All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

h.      All existing printouts from original storage which concern the categories identified in subsection II.A; and

i.      All "address books" or other lists of contacts.

### III.    Manner of Search Performed by Law Enforcement

The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c.      "scanning" storage areas to discover and possible recover recently deleted files;

d.      "scanning" storage areas for deliberately hidden files; or

e.      performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## **ATTACHMENT A2 – Dropbox, Inc.**

This warrant applies to information associated with the following Dropbox, Inc. account:

- The Dropbox account associated with the email address
  blinktwin107@yahoo.com and User ID: 110132352

that is stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a business

with offices located at 185 Berry Street, Suite 400, San Francisco, CA 94107.

1

## ATTACHMENT B2 – Dropbox, Inc

### I. Files and Accounts to be produced by Dropbox Inc. for the time period October 2, 2012 to the present.

To the extent that the information described in Attachment A2 is within the possession, custody, or control of Dropbox, Inc. including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Dropbox, Inc., or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), Dropbox, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A2:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, email addresses, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

b.      All information automatically recorded by Dropbox, Inc from a user's Device, including its software and all activity using the Services, to include, but not limited to:  a utilizing device's IP address, browser type, web page visited immediately prior to connecting to the Dropbox website, all information searched for on the Dropbox website, locale preferences, identification numbers associated with connecting devices, information regarding a user's mobile carrier, and configuration information;

c.      The types of services utilized by the user;

d.      All files and records or other information stored by an individual using the account, including all images, videos, documents and other files uploaded, downloaded or accessed using the Dropbox service, including all available metadata concerning these files;

e.      All records pertaining to communications between Dropbox and any person regarding the account, including contacts with support services and records of actions taken;

f.      For each folder within this account, all unredacted records including the unique user ids of each individual who created, joined or utilized the folder, by either adding content or deleting content from the folder;

g.      A complete list of all users within each folder found in this account, including every user name, user identification number, corresponding email address, physical address, and date the user joined Dropbox;

h.      Records of session times and durations and IP addresses associated with each of these sessions for every user in each folder in this account;

i. Telephone or instrument numbers provided to Dropbox when each of these users created their accounts, and records of all devices connected to the Dropbox accounts for each of the individuals accessing the folders in this account;

j. For each folder found in this account, all information regarding the user who created the folder, the creation date, and a complete listing of all users who joined, accessed, and left the folder, including the dates each joined, accessed or left the folder. All information regarding when, if applicable, each folder was deleted and who deleted it;

k. For the individuals identified as users of the folders in this account, any means or sources of payment for this service, including credit card and bank account numbers;

## II. Information to be seized by Law Enforcement Personnel:

a. Any and all records that relate in any way to the Dropbox, Inc accounts described in Attachment A2 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ § 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

1. Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

2. Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3. Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

4. Images depicting the interior or exterior of residences, public establishments, and vehicles;

5. All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

6. Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

7. All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

b. All existing printouts from original storage which concern the categories identified in subsection II.A; and

      c.      All "address books" or other lists of contacts.

## III.    Manner of Search Performed by Law Enforcement

      The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

      a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

      b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

      c.      "scanning" storage areas to discover and possible recover recently deleted files;

      d.      "scanning" storage areas for deliberately hidden files; or

      e.      performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

      If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## ATTACHMENT A3 – Google, Inc.

This warrant applies to information associated with the following Google accounts:

1.      The Google account associated with the email address
        blinktwin107@gmail.com;

2.      The Google account associated with the email address
        darenroberts1@gmail.com; and

3.      The Google account associated with the email address
        peteryuklov1@gmail.com;

that are stored at premises owned, maintained, controlled, or operated by Google, Inc., a business

with offices located at 1600 Amphitheatre Parkway, Mountain View, CA  94043.

1

**ATTACHMENT B3 – Google, Inc.**

I.      **Files and Accounts to be produced by Google, Inc. for the time period February 6, 2008 to the present.**

        To the extent that the information described in Attachment A3 is within the possession, custody, or control of Google, Inc. including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Google or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for each account or identifier listed in Attachment A3:

        a.      The contents of all e-mails, attachments and chat messages stored in the accounts described in Attachment A3, including copies of e-mails sent to and from the account, draft e-mails, the source and destination e-mails sent addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

        b.      All existing printouts from original storage of all of the electronic mail described above in Section I.A. above;

        c.      All internet search data including all queries and location data;

        d.      All transactional information of all activity of the electronic mail addresses described above in Section I.A, including log files, dates, times, methods of connecting, ports, dial ups, and/or locations;

        e.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

        f.      All records or other information regarding the identification of the account described above in Section I.A, to include application, full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, all screen names associated with subscribers and/or accounts, all account names associated with the subscriber, methods of connecting, log files, means and source of payment (including any credit or bank account number), and detailed billing records;

        g.      All records indicating the services available to subscribers of the electronic mail address described above in Section I.A.;

        h.      Google+ subscriber information, circle information, including name of circle and members, contents of posts, comments, and photos, to include date and timestamp;

i.      Google Drive files created, accessed or owned by the accounts listed in Attachment A3;

j.      YouTube subscriber information, private videos and files, private messages, and comments;

k.      Picasa Web Albums contents to include all images, videos and other files, and associated upload/download date and timestamp;

l.      Payment information, including billing address, shipping address, and payment instruments, associated with any Google Wallet or Google service used by the accounts listed in Attachment A3.

m.      Google Talk conversation logs associated with the accounts listed in Attachment A3.

## II.   Information to be Seized by Law Enforcement Personnel

a.      Any and all records that relate in any way to the email accounts described in Attachment A3 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ § 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

1.      Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

2.      Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3.      Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

4.      Images depicting the interior or exterior of residences, public establishments, and vehicles;

5.      All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

6.      Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

7.      All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

b.      All existing printouts from original storage which concern the categories identified in subsection II.A; and

c.      All "address books" or other lists of contacts.

## III.    Manner of Search Performed by Law Enforcement

The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c.      "scanning" storage areas to discover and possible recover recently deleted files;

d.      "scanning" storage areas for deliberately hidden files; or

e.      performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## ATTACHMENT A4 – Yahoo!

This warrant applies to information associated with the following Yahoo!, Inc account:

- The Yahoo! account associated with the email address blinktwin107@yahoo.com;

that is stored at premises owned, maintained, controlled, or operated by Yahoo!, a business

offices located at 701 First Avenue, Sunnyvale, California 94089.

1

**ATTACHMENT B4 – Yahoo! Inc**

I. **Files and Accounts to be produced by Yahoo! Inc for the time period February 6, 2008, to the present.**

To the extent that the information described in Attachment A4 is within the possession, custody, or control of Yahoo! including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Yahoo! or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), Yahoo! is required to disclose the following information to the government for each account or identifier listed in Attachment A4:

a.      The contents of all e-mails, attachments and chat messages stored in the accounts described in Attachment A4, including copies of e-mails sent to and from the account, draft e-mails, the source and destination e-mails sent addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b.      All existing printouts from original storage of all of the electronic mail described above in Section I.A. above;

c.      All internet search data including all queries and location data;

d.      All transactional information of all activity of the electronic mail addresses described above in Section I.A, including log files, dates, times, methods of connecting, ports, dial ups, and/or locations;

e.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

f.      All records or other information regarding the identification of the account described above in Section I.A, to include application, full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, all screen names associated with subscribers and/or accounts, all account names associated with the subscriber, methods of connecting, log files, means and source of payment (including any credit or bank account number), and detailed billing records;

g.      All records indicating the services available to subscribers of the electronic mail address described above in Section I.A.;

h.      Flickr contents to include all images, videos and other files, and associated upload/download date and timestamp, including all available metadata concerning these files;

1

i.      Information regarding whether the Flickr files were private or public and who had access to view the private files;

j.      Yahoo! Messenger conversation logs and files shared associated with the accounts listed in Attachment A4.

k.      Payment information, including billing address, shipping address, and payment instruments, associated with any Yahoo! services used by the account listed in Attachment A4.

## II.    Information to be Seized by Law Enforcement Personnel

a.      Any and all records that relate in any way to the email accounts described in Attachment A4 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ § 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

1.      Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

2.      Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3.      Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

4.      Images depicting the interior or exterior of residences, public establishments, and vehicles;

5.      All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

6.      Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

7.      All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

b.      All existing printouts from original storage which concern the categories identified in subsection II.A; and

c.      All "address books" or other lists of contacts.

### III.    Manner of Search Performed by Law Enforcement

The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c.      "scanning" storage areas to discover and possible recover recently deleted files;

d.      "scanning" storage areas for deliberately hidden files; or

e.      performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## **ATTACHMENT A5 – Facebook**

This warrant applies to information associated with the following Facebook account:

- The Facebook account associated with the email address
  blinktwin107@yahoo.com and Vanity Name: Nick Johnson;

that are stored at premises owned, maintained, controlled, or operated by Facebook, a social

networking company, headquartered at 1601 Willow Road, Menlo Park, CA  94025.

1

## ATTACHMENT B5 – Facebook

I.      **Files and Accounts to be produced by Facebook for the time period July 25, 2009, to the present.**

To the extent that the information described in Attachment A5 is within the possession, custody, or control of Facebook including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to Facebook or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), Facebook is required to disclose the following information to the government for each account or identifier listed in Attachment A5:

a.      All contact information, including full name, user identification number birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, website, and other personal identifiers of the current status of the profile page and any individuals that have "defriended" them.

b.      All Photoprints, including all photos, videos and other files uploaded by the accounts listed in Attachment A5 and all photos, videos and other files uploaded by any user that have the accounts listed in Attachment A5 tagged in them, including all available metadata concerning these files.

c.      All Neoprints, including: profile contact information; Mini-Feed information; status updates; links to videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Facebook user identification numbers; groups and networks of which the user is a member, including the groups' Facebook group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the User's access and use of Facebook applications.

d.      All other communications and messages made or received by the user of the accounts listed in Attachment A5, including all private messages and pending "Friend" requests. All photographs, videos and other files sent and received in the private messages.

e.      All IP logs, including all records of the IP addresses that logged into the account.

f.      All information about the User's access and use of Facebook Marketplace.

g.      The length of service (including state date), the types of service utilized by the User, and the means and source of any payments associated with the service (including any credit card or bank account number).

h.      All privacy settings and other account settings.

i.      All records pertaining to communications between Facebook and any person regarding the User or the User's Facebook account, including contacts with support services and records of actions taken.

1

**II.     Information to be Seized by Law Enforcement Personnel**

a.     Any and all records that relate in any way to the email accounts described in Attachment A5 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ § 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

1.     Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;.

2.     Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3.     Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

4.     Images depicting the interior or exterior of residences, public establishments, and vehicles;

5.     All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

6.     Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

7.     All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

b.     All existing printouts from original storage which concern the categories identified in subsection II.A; and

c.     All "address books" or other lists of contacts.

### III.    Manner of Search Performed by Law Enforcement

The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

    a.    surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.    "scanning" storage areas to discover and possible recover recently deleted files;

    d.    "scanning" storage areas for deliberately hidden files; or

    e.    performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## ATTACHMENT B6 – Twitter

**I.     Files and Accounts to be produced by Twitter for the time period January 30, 2012, to the present.**

To the extent that the information described in Attachment A6 is within the possession, custody, or control of ~~Facebook~~ including any messages, records, files, logs, images, videos, or information that have been deleted but are still available to ~~Facebook~~ or have been preserved pursuant to the preservation request made on October 10, 2014, under 18 U.S.C. § 2703(f), ~~Facebook~~ is required to disclose the following information to the government for each account or identifier listed in Attachment A6:

a.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, email addresses, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

b.      All information automatically recorded by Twitter, Inc from a user's Device, including its software and all activity using the Services, to include, but not limited to:  a utilizing device's IP address, browser type, web page visited immediately prior to connecting to the Twitter website, all information searched for on the Twitter website, locale preferences, identification numbers associated with connecting devices, information regarding a user's mobile carrier, and configuration information;

c.      The types of services utilized by the user;

d.      All files and records or other information stored by an individual using the account, including all images, videos, documents and other files uploaded, downloaded or accessed using the Twitter service, including all available metadata concerning these files;

e.      All records pertaining to communications between Twitter and any person regarding the account, including contacts with support services and records of actions taken;

f.      For each folder within this account, all unredacted records including the unique user ids of each individual who created, joined or utilized the folder, by either adding content or deleting content from the folder;

g.      A complete list of all users within each folder found in this account, including every user name, user identification number, corresponding email address, physical address, and date the user joined Twitter;

h.      Records of session times and durations and IP addresses associated with each of these sessions for every user in each folder in this account;

4

i.      Telephone or instrument numbers provided to Twitter when each of these users created their accounts, and records of all devices connected to the Twitter accounts for each of the individuals accessing the folders in this account;

j.      For each folder found in this account, all information regarding the user who created the folder, the creation date, and a complete listing of all users who joined, accessed, and left the folder, including the dates each joined, accessed or left the folder. All information regarding when, if applicable, each folder was deleted and who deleted it;

k.      For the individuals identified as users of the folders in this account, any means or sources of payment for this service, including credit card and bank account numbers;

## II.      Information to be Seized by Law Enforcement Personnel

a.      Any and all records that relate in any way to the email accounts described in Attachment A6 which is evidence, fruits, and instrumentalities of violations of Title 18 U.S.C.§ § 2251(a), 2252A(a)(2), 2252A(a)(5)(B) and 2422(b), specifically that relate to the following:

1.      Images, videos and other files depicting the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

2.      Communications or documentations regarding the production, distribution, receipt, possession of or access with intent to view child erotica, child pornography, the sexual exploitation of minors, sexually explicit conduct, and illicit sexual conduct;

3.      Communication or documentation regarding access to and/or interaction with minors, to include the enticement of a minor;

4.      Images depicting the interior or exterior of residences, public establishments, and vehicles;

5.      All images, messages and communications, including any and all preparatory steps taken in furtherance of these crimes;

6.      Communication, information, documentation and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts;

7.      All images, messages and communications regarding wiping software, encryption or other methods to avoid detection by law enforcement;

b.      All existing printouts from original storage which concern the categories identified in subsection II.A; and

c.      All "address books" or other lists of contacts.

## III.   Manner of Search Performed by Law Enforcement

The search procedure of the electronic data contained in computer operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

c.      "scanning" storage areas to discover and possible recover recently deleted files;

d.      "scanning" storage areas for deliberately hidden files; or

e.      performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, enticement of a minor, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

## ATTACHMENT A6 – Twitter

This warrant applies to information associated with the following Twitter account:

- The Twitter account associated with the User Name: nick0ftime;

that are stored at premises owned, maintained, controlled, or operated by Twitter, a social

networking company, headquartered at 795 Folsom Street, Suite 600, San Francisco, CA 94107.

1